The last case on for argument is Teamsters Local 404 Health Services and Insurance versus King Pharmaceuticals. Mr. Woodard, before we start, did you want some time for rebuttal, or? Yes, please, Your Honor. Three minutes. Three minutes. Okay. So, that's going to go down to seven there to start with. Okay. Good morning. Are we still in the morning? Yes, we are. We're still in the morning. Good morning, Your Honors. May it please the Court. My name is Brendan Woodard of White and Case, here today on behalf of the respondents, King, Meridian, and Pfizer. Your Honors, this proceeding belongs in federal court. The petitioner is trying to circumvent the federal rules of civil procedure by employing an otherwise legitimate state law discovery mechanism to obtain a highly confidential settlement agreement that was negotiated at arm's length by parties in patent litigation so that petitioner can file federal claims in federal court. The very face of the petition elucidates the federal claims that petitioner intends to file, making quite clear that the real case or controversy here falls within the jurisdiction of the federal courts. Your Honor, you're not saying, however, or you're not asserting, or maybe you are, so please enlighten me, that the state court is not competent to decide to protect the very thing that your client wants to protect. Of course not. The state court clearly is competent to do so. Right now, just so I'm clear, so we're all clear, under Judge Kaplan's decision, it's back in the hands of the state court to make that determination, which I'm sure is being vigorously opposed. That's correct. To date, I don't believe the petition has been reinstated or renewed, so the case, the petition has been closed after the state court closed the case after it was removed immediately, so it's not before, currently not before a state court, and there's no new, no new petition has been filed, to our knowledge. Would a new petition have to be filed? I mean, I suppose they have, somebody has to notify the state court that the case is back and it's no longer closed. I would believe so, certainly, and we've been checking the dockets to make sure and otherwise have not been notified petitioner, but our position, Your Honors, is that it should be decided, the question is the discoverability, or whether the petitioner is entitled to the settlement agreement should be made by the federal court. So why, I mean, it's, in my simplistic way of looking at this, it seems to me, with no offense to my dear, our dear colleagues, but you've sort of got Judge Rakoff and now Justice Sotomayor back when she was a judge saying one thing, and you've got Judge Kaplan respectfully disagreeing, and why, persuade us why this is a federal issue at the stage that it is in, in its development. Sure thing, Your Honor. I think there's, the very simple answer, the very first simple answer is the petition itself makes clear that the claims to be brought upon disclosure, obtaining the settlement agreement, would be brought in federal court. They're federal claims. The petition makes very clear, repeatedly, that it would allege violations of the federal Sherman Act, violations of antitrust law, Sherman Act I, Sherman Act II. So on its face, the claims will be brought in federal court. And secondly, and thirdly, federal jurisdiction exists to, that the federal rules apply in terms of whether the discovery. Let's back, what Judge McLaughlin, who knew a thing or two about the CPLR, said in an interview, that it was a civil action in the first place. What makes this procedure that New York makes available a civil action, which is what can be removed? I think Justice Sotomayor articulated it well in the Christian case, where whether it's a petition or a complaint or a cause of action is really a distinction without any difference. You need to look at the underlying causes of action to be brought. So maybe no cause of action will ever be brought, right? I mean, this is not a case where someone has brought an action in the state court under the antitrust laws, and then there's a petition to remove it. Someone has brought a petition for a procedural relief that New York State, for whatever reasons, chooses to make available. Is that a civil action, which is the only thing that can be removed? I don't believe it's a civil action. I believe it's a petition, it's a special proceeding seeking discovery to bring a civil action. It might not even, I mean, in this case, the people from whom the discovery is sought are the putative defendants that they're going to sue, right? Presumably. Correct, Your Honor. But that wouldn't have to be the case, right? I mean, it could be under this provision that a plaintiff could bring a petition to say, we want to take this gentleman's deposition because sadly he seems to be ill and we want to get it on the record before we bring our lawsuit. And let's say they say, we want to bring a lawsuit in federal court. But we want to take this person's deposition first. The defendants in the case wouldn't even be involved, would they? In that circumstance, no, I don't believe so, Your Honor. I think . . . So does he get to remove the case to federal court, the person whose deposition is being sued? I would think so. I would think so. I mean, but again, you'd have to analyze, as Justice Sotomayor said and Judge Rakoff said, what the purpose of taking the deposition, for example. What about the language itself of our statute, I'm sorry, our rule, 1446B, that says that you have to have a copy of the initial pleading setting forth the claim for relief? This doesn't qualify. It's not a pleading. It doesn't have a claim for relief, does it? It does. It does, Your Honor. The petition itself is very substantive and it could easily be cast as a complaint. As a pleading. As a pleading. It could. It is not simply a one-page document request or request for production. It is a multi-page document with allegations and— Well, in part, because the CPLR requires that to be set out so that there's some notice to the other side, if you will. That's correct. And what it sets out is—that's correct, Your Honor—and what it sets out are the intended claims, federal claims, violation of both federal antitrust laws and potentially the New York antitrust statute, and does allege that the potential complainants suffered significant damages in the multi-millions of dollars, given the magnitude of the product. So it effectively is, in one way, whether you call it a petition or a complaint or a civil action, functions—functionally, it seems to be the same thing. It's not merely a request for a deposition. Under New York law, is it the case that they have to allege a valid claim for relief in order to get this discovery? Under the New York law, it has to set forth the potential claims for—and the requested relief. If I have this straight, you're saying this is one of those exceptions to the well-pleaded complaint rule because the claim for what they're asking the state court to do, which is simply to provide discovery, necessarily requires the state court to pass on the sufficiency of the federal claim? That's right. I mean, if I understand your question, Your Honor, that's correct. But of course, it wouldn't have to, right? The New York court could say we're giving this relief because we think that the document that was provided to us states a valid claim under the Donnelly Act. That's right. It could make that determination. If it makes that determination, then why would we say that it's essential to the relief that is requested in the state court proceeding that the state court pass on a federal claim? I think the answer to that is not so simple in that the relief being sought by Petitioner here clearly is not available under the federal rules. It's not available where pre-complaint discovery— If he left out the Sherman Act from his petition, you wouldn't be here, right? That's not correct. That's not correct, Your Honor. No, not at all. And because federal jurisdiction does exist. Federal question jurisdiction does, in fact, exist. As just— Even if it weren't pleaded? That's correct. That's correct, Your Honor. You're saying in any case—putting aside—that's a diversity argument, or not? That's not a diversity argument. That's a federal question argument. Any time that somebody sues under the Donnelly Act, that can only be brought in federal court or can be removed by a defendant? Well, there are cases that go both ways, but for sure, because under the Donnelly Act, a violation of an antitrust—a necessary element, as this court—as at least the first circuit in the NXIVM litigation has clearly stated, that causation—that the alleged violative antitrust conduct caused the alleged injury. And in this context, here where we are, in the pharmaceutical world, that requires a substantial—a look at and resolution of a substantial question of federal patent law. It's the patent law that makes this— Correct. It's not the Sherman Act. It's the patent law that makes this— Whether it's the Sherman Act or the Donnelly Act, a substantial question of patent law needs to be resolved with respect to whether the claim has merit. The Sherman Act case, though, that they colluded to keep the generic off the market for a violation of the Sherman Act. Yes, Your Honor.  with respect to the prospective co-defendants that settled the patent litigation, but monopolistic conduct under Section 2 of the Sherman Act. Correct. So there are—and so for those reasons, a resolution of the patent law questions must be resolved, whether it's a claim under the Donnelly Act or a claim under the Sherman Act. That is very clear. And the reason that is, is because causation is a mandatory element to plead a claim for—to allege antitrust violent of conduct and to seek damages under the Sherman Act or the Donnelly Act. And the reason that is, is because the claimant must prove that the settlement agreement, as the reverse payment allegedly—reverse payment, a legal payment, a legal settlement agreement—was the cause of the injury. But this New York State proceeding that we have before us does not seek any damages for anything at all. Not as pled or not as written, Your Honor. Well, but it can't, because it's only asking for discovery. It's asking for discovery. It's pleading for discovery. For discovery so that it may file a lawsuit seeking, in federal court, seeking damages. Seeking damages. And that is made very clear from the petition, that that's the intent here, to file a federal lawsuit alleging antitrust violations in federal court. And so on the face, as Judges Sotomayor and Rakoff held, where the petitions themselves set forth, as required by law, the elements of the cause of action, it's the elements of the cause of action that have to be looked at when determining the question of discoverability. And the elements in those cases, as pled in the petitions—pled or written in the petitions, Your Honors, in petitions before NYCPLR 3102—alleged that the claims were violations of antitrust laws, federal securities laws. And Judge Sotomayor and Christian said, because of the nature of those causes of action and the elements pled, the petition itself is removable to federal court. And there it was removed. And Judge Rakoff, similarly, for the same reasons, because the petition itself set forth federal claims, the petition on its face was good enough for Judge Rakoff to remove to federal court. We have—that is really the exact situation we have here. So— Nationwide, the district courts that have decided this issue are pretty well divided,  Which issue? I'm sorry, Your Honor. Decided whether these kinds of procedures are to be read as simple actions for discovery with no federal issue, or whether you look to whatever the claim is that they want to bring someday if they get the discovery, it seems to me a majority actually go against you nationwide. Well, I think that certainly the cases kind of go both ways. And in this—I'm not saying it should be decided by a majority vote, and there are many cases on both sides. And in this circuit, it seems to be the East River that divides the courts, because the Eastern District tends to follow Judge McLaughlin, and the Southern District cases seem to go the other way. I think an important thing to note, Your Honor, is that many of the other states don't have a requirement for proving a prima facie case in setting forth your petition, like here. That's what they have to do. And so I think we're in a different situation. And I just—I would also add that nationwide never has a state court or federal court authorized discovery of this nature in providing a disclosure of a confidential settlement agreement. Thank you, Mr. Woodard. Thank you, Your Honors. You've reserved three minutes. Yes, sir. Mr. Mitchell. Good afternoon. May it please the Court. David Mitchell from Robbins, Geller, Redmond, and Dowd on behalf of Petitioner Apelli Teamsters Local 404. Just to address a couple of the points made by counsel. He said that the 3102 requirement and a federal complaint are functionally the same thing. We submit that they're absolutely not the same thing. All we're asking for here is for disclosure of a document and any attachments to that which, by the way, are five years old at this point, and we would contest the fact that that document remains highly confidential, as counsel said. Whether it's confidential or not, that's really a red herring, right? It doesn't matter whether it's confidential or not. Either court, whoever gets this, is going to apply discovery rules and confidentiality is going to be one of the things that's going to apply. The issue here is whether the action that requests that document, whether it's confidential or not, is removable. Correct, Your Honor. And we submit it's not removable for several reasons. First of all, there is, in fact, no federal question. Judge Kaplan clearly said in his brief order that the court certainly can decide the issue without any reference to construction of patent or antitrust laws. There is no diversity jurisdiction here. How would it do that? Am I wrong that New York State is clear that this petition has to set forth some kind of cause of action that you've got? The petition, we do have to, that the petitioner is required to submit at least something so that, in theory, you couldn't just walk into court and ask for a document without any sort of basis whatsoever. Well, but I take it the law is clear in New York that you can't walk into the New York State court and say, I need this confidential settlement or non-confidential settlement or whatever the heck it is, I need this discovery or I can't bring a claim. I have to look at the terms of this to find out whether there's a violation of the antitrust laws. We need to look at the document. That's right, Your Honor. And it may be that the petitioner may not file a case. Well, see, this is what puzzles me. I thought that New York State law was to the contrary. That is, if you come in and say to the New York State court, I don't know whether I've got a claim or not, I need to see this discovery first, that then it would be denied because you have to, you can't go on a fishing expedition, you have to say something like, I have a claim and this is going to be helpful to me in formulating it properly or something like that. Yes, Your Honor. And we articulated in the attachment to the petition, and we feel that we've done that, we needed to articulate at least some basis in order for the state judge to provide us with the document. My point being- You've articulated a claim and the court can say, oh, you have or you haven't. I'm not sure why the New York State court wouldn't have to pass on either the Sherman Act claim or the Donnelly Act claim, which at least your adversary says would require reference to patent law. Well, Your Honor, we think the law is fairly clear that the courts need not discuss or address the patent issue, especially at this stage, in order for us to determine whether we get the document that we're seeking. I'd also like to bring up in addition- Burn on that? I don't think so, Your Honor. But again, we feel that the federal question issue is very clear. You don't need to decide patent law or the Sherman Antitrust Act in order to decide the 3102C issue. In fact- Let me follow up on Judge Lynch's line of questioning, though, that the Holtzman case and others say, quoting, is a quote, you have to demonstrate a meritorious cause of action. So the New York State courts have set the bar up fairly high and have even used prima facie case at times. So isn't that the same? The same as what, Your Honor? I'm sorry. The same as how the lawsuit would look if it were filed here in the first place, charging Clayton Act or Sherman Act violation? We don't think it would be the same, Your Honor. The petition, the attachment to the petition, as you've seen, is while it meets the requirements of 3102C, certainly there would be more involved, more analysis involved in order to submit a comprehensive complaint wherever we ended up filing the complaint. So it's our point, it's our position, Your Honors, that there is no basis to be in federal court in addition to the fact that there is no federal question, there is no diversity. The respondents do even admit at page 33 of the opening brief that their notice of removal was deficient, and then they go on to request that they be able to supplement the record through the citation of Internet sites and quotes and websites and such. We feel that that time has long since passed. As the Court's aware, we filed — It was just on diversity, though, right? Yes, Your Honor. It wasn't on federal subject matter jurisdiction? Correct. Correct. We submit, Your Honor, as well, that the notice of removal was untimely. In fact, the defendants admit twice — their lawyers admit twice in sworn declarations that they were served with a petition on May 5th, 2015, and the time that they filed their notice of removal was 42 days after that date rather than 30. So that's a third basis. So would you be arguing — let's say we uphold the district court, the case is remanded, they get the discovery, then they file a claim, which I gather they are not going to do, but hypothetically they file a claim in state court. Are you going to be able to remove it, or will you be untimely? I'm sorry. You file a claim. You go on. I apologize. Yes, sir. You go down. You get what you want in state court, and you bring a claim in state court. Yes, sir. All right? Can they remove it at that point? You finally having filed a complaint. Well, it depends on what the allegations are in our complaint. As we've said, we are indirect purchasers. We — the petitioner is an indirect purchaser of the product. We'd have to make the analysis whether we're going to file in state court. No, I'm getting all of that, but it seems to me as you're arguing, you're playing into the other side's hands. Explain to me why you are not, if you are saying they're untimely because what we filed put them on notice that we've got a claim that is to be removed. And your argument is, no, it's not a complaint, right? Yes, sir. So how is it untimely at all? It seems to me it's way premature until you filed a complaint based on what you're arguing. Yes, sir. I'm referring to the notice of removal itself pursuant to the statutory requirement that it be done so within 30 days of the filing of the petition. No, not the petition is your argument. It's of a complaint which you haven't filed yet. Isn't that your argument? No, sir. What I'm referring to is that in the lower — at the state court, the petition was served upon the defendants by their own admission on May 5th, 2015. They filed the notice of removal beyond the 30-day requirement from them. This is a fallback or alternative argument by you that if we were to agree that a timely removal notice would work because there is federal jurisdiction, then you still win because this one was untimely. This was untimely, yes, sir. That's your argument. It's an alternative argument offered in the event we should conclude that there is federal question jurisdiction here. Well, Your Honor, there's also the forum defendant rule as well. That too, right. There are other — There's essentially four bases here for why we submit that this case should not be a federal question. Yes, but you have to win on a couple of them, right? Yes, sir. I mean, you have to defeat both federal question and diversity jurisdiction. Yes, sir. It's a complicated set of issues here. We've been talking mostly about federal question. If there is federal question jurisdiction, we don't have to reach any of the diversity issues, forum defendant, how you determine the citizenship of a trust. We don't have to reach any of that because there's federal question jurisdiction. And then you're saying that still, we or the district court on remand have to consider the timeliness issue. Yes, Your Honor. If we agree there is federal question jurisdiction. Yes, sir. I'd be happy to answer any of the further questions the court has, otherwise I'd submit in our briefs. Thank you, Mr. Mitchell. Thank you very much. Thank you, Your Honors. A couple of points in response to the last couple the counselor made. Form defendant rule has been waived. That is no longer a bar to removal. It was never raised by petitioner. And as Your Honors likely know, when this court denied petitioner's motion to dismiss the appeal, acknowledged that Judge Kaplan Suis Ponte raised the form and defendant rule untimely himself. And that provided . . . They did make a timely objection to the removal. Correct. Now, is it clear, is there any case that says that if you have timely objection to removal on some other ground, then the district court is prohibited from noticing the form defendant rule, Suis Ponte? There's no case that I'm aware of on point with respect to whether the district court can raise it Suis Ponte, but there are cases in the circuit, Shapiro and Handelson, that say that if the form defendant rule is not raised as a bar to removal timely, then it's waived for good. Well, sure. But that would be if there was no objection made to removal and the case starts to hum along and then somebody says, ah, I just noticed form defendant rule. Here we've got a very different situation where right from the get-go they say this is improperly removed and in the very process of adjudicating that motion, before anybody's invested any time in federal court at all, the judge says, oh, but by the way, there is this ground, which of course we only get to if we are talking diversity jurisdiction. It seems to me we don't get there if you're right about the federal question issue. But if we do get to the diversity jurisdiction, we've got a couple of interesting questions, some of which come before you get to the form defendant rule, like don't you have the totally wrong test for deciding whether there's diversity jurisdiction? Right, Your Honor. I mean, I would argue that the fact that Petitioner did file a motion to remand and did not include the form defendant rule leads me to conclude he did his analysis and raised all the arguments, but he did not raise form defendant. Yeah. So he forfeits the issue. But we should note that if it's plain error, where a district court could sua sponte decide that this is a case that Congress specifically decided it didn't want in federal court, and there's no reason why the federal courts shouldn't protect that rule, provided that a timely objection to removal has been made and nobody's prejudiced because we haven't sort of sailed along on the assumption that this is in federal court. Yes. Yes, Your Honor. I will note, though, as we discussed in our brief, in addition, there's a Ninth Circuit case the Northern District Council laborers holding specifically that a defect in removal procedure cannot be raised more than 30 days after notice of removal, regardless of whether a timely motion has been filed. That's the Ninth Circuit. They get reversed all the time. Thank you, Mr. Woodward. Okay. Thank you very much. We'll reserve decision. And the final case on for argument, sorry, on submission is Schor v. Topeko, which is on submission. I'll ask the clerk, please, to adjourn court.